UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION        2016 APR 18  A 8: 08

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **MELISSA BOHANNAN**, individually, and ) on behalf of a similarly situated class, ) **CHERISSA HALL**, individually, and on ) behalf of a similarly situated class, **JOLIE** ) **HALL**, individually, and on behalf of a ) similarly situated class, **SUMMER** ) **LISENBY**, individually, and on behalf of ) a similarly situated class, **MARYELLEN** ) **PROPHET**, individually, and on behalf of a ) similarly situated class, **JENNIFER** ) **MATHENY**, individually, and on behalf of ) a similarly situated class, **TIFFANY** ) **MCCOY**, individually, and on behalf of a ) similarly situated class, **ASHLEY** ) **MCGHEE**, individually, and on behalf of a ) similarly situated class, **SHERRIE** ) **SALEM,** individually, and on behalf of a ) similarly situated class, and **CRYSTAL** ) **SHELLEY**, individually, and on behalf of a) similarly situated class, ) ) Plaintiffs, ) ) v. ) ) INNOVAK INTERNATIONAL, INC., ) ) Defendant. ) | Class Action Complaint 1:16-CV-272-WKW-WC **JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiffs Melissa Bohannan, Cherisa Hall, MaryEllen Prophet, Jennifer

Matheny, Tiffany McCoy, Ashley McGhee, Sherrie Salem, Summer Lisenby, Jolie Harper, and Crystal Shelley, by and through undersigned counsel, on behalf of themselves and all others similarly situated, allege:

## NATURE OF THE CASE

2.    The Defendant Innovak International, Inc. (hereinafter "Innovak") was the subject of a data breach when hackers appropriated the personal private information ("PPI") stored on its portals, including but not limited to social security numbers, addresses, telephone numbers, dates of birth, employment information, and/or spousal information from numerous individuals in several different states whose PPI was stored and made accessible through Innovak's internet portal.

3.    Innovak failed and/or refused to take adequate and reasonable precautions or measures to ensure that its cyber data storage systems were adequately protected; failed to take reasonable steps to prevent this reasonably foreseeable harm from happening; failed to timely disclose the cyber data breach to end users of its portals; suppressed from the end users that it had not taken the adequate steps necessary to protect their PPI, despite being in a superior position to end users to know this information; and/or Innovak acted with recklessness, gross negligence and/or wantonness as it relates to protecting the Plaintiffs' PPI.

4.    The Defendant has caused substantial harm to the end users of Innovak's Portals across the United States.  These injuries include psychic injures, financial

losses, and other concrete injuries-in-fact.

5.     As a result of the above-mentioned data breach, numerous individuals'
PPI has been compromised and these individuals have suffered injuries and damages
as a result. For example, the Plaintiffs have suffered psychic injuries by learning that
their PPI has been acquired by nefarious individuals with mal intent; fraudulent
accounts opened in some of their names; false and fraudulent social security
returns/refunds filed in some of their names. The injuries suffered by the Class
Representatives and the putative Class as a direct result of the Innovak data breach
include: theft of their PPI; costs associated with the detection and prevention of
additional identity theft; costs associated with time spent preventing future harms
and loss of productivity associated with mitigating additional harm, including but
not limited to detecting fraudulent accounts, fraudulent loans, fraudulent tax returns,
fraudulent credit charges, cancelling and reissuing credit accounts, pursuing credit
monitoring, and freezing credit accounts.  Plaintiffs have also suffered concrete and
individualized psychic injuries, including but not limited to stress, nuisance, loss of
sleep, worry and the annoyance of having to deal with issues resulting from the
Innovak data breach.  The Plaintiffs have already suffered concrete and specific
psysic injuries as a direct and proximate result of the Defendant's misconduct.  In
addition to the harm already suffered, the Plaintiffs and putative class members also
suffer from a real and immediate threat of future harm related to Innovak's data

3

breach.

6.   Plaintiffs seek to remedy these harms and seek to prevent future occurrences on behalf of themselves and all others similarly situated, i.e., those whose PPI was wrongfully exposed and/or wrongfully acquired by third-parties as a direct and proximate result of Innovak's wrongdoing(s).

7.   Plaintiffs assert claims against Innovak for common law violations, including fraud, negligence, gross negligence, recklessness, wantonness, breach of implied contract, and unjust enrichment. On behalf of themselves and all others similarly situated, the Plaintiffs seek to recover compensatory damages, equitable relief, disgorgement, costs, attorney fees, and, to the extent the Defendant's conduct warrants it, the Plaintiffs seek punitive damages to punish Innovak for its wrongful conduct and to deter others from acting similarly in the future.

## **PARTIES**

8.   Plaintiff Melissa Bohannan (hereinafter "Bohannan"), individually and as a class representative, is a resident of Houston County, Alabama. Bohannan received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Bohannan received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Bohannan was injured and damaged as a proximate result.

9.   Plaintiff Cherisa Hall (hereinafter "Hall"), individually and as a class

representative, is a resident of Houston County, Alabama. Hall received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Hall received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Hall was injured and damaged as a proximate result.

10. Plaintiff Jolie Harper (hereinafter "Harper"), individually and as class representative, is a resident of Dale County, Alabama. Harper received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Harper received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Harper was injured and damaged as a proximate result.

11. Plaintiff Summer Lisenby (hereinafter "Lisenby"), individually and as class representatives, is a resident of Houston Country, Alabama. Lisenby received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal.  Lisenby received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Lisenby was injured and damaged as a proximate result.

12. Plaintiff Jennifer Matheny (hereinafter "Matheny"), individually and as class representative, is a resident of Houston County. Matheny received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal.  Matheny received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Matheny was injured and damaged as a proximate

result.

13. Plaintiff Tiffany McCoy (hereinafter "McCoy"), individually and as class representative, is a resident of Houston County, Alabama. McCoy received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. McCoy received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. McCoy was injured and damaged as a proximate result.

14. Plaintiff Ashley McGhee (hereinafter "McGhee"), individually and as class representative, is a resident of Houston County, Alabama. McGhee received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. McGhee received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. McGhee was injured and damaged as a proximate result.

15. Plaintiff MaryEllen Prophet (hereinafter "Prophet"), individually and as class representative, is a resident of Houston County, Alabama. Prophet received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Prophet received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Prophet was injured and damaged as a proximate result.

16. Plaintiff Sherrie Salem (hereinafter "Salem"), individually and as class

representative, is a resident of Houston County, Alabama. Salem received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Salem received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Salem was injured and damaged as a proximate result.

17. Plaintiff Crystal Shelley (hereinafter "Shelley"), individually and as class representative, is a resident of Houston County, Alabama. Shelley received a letter informing her that her PPI had been stolen by nefarious third parties via Innovak's Internet Portal. Shelley received a letter from the IRS indicating to Plaintiff that there had been a breach in her PPI. Shelley was injured and damaged as a proximate result.

18. On information and belief, Defendant Innovak International, Inc., is a corporation that is domiciled in South Carolina and has its principal place of business at 119 Boy Street, Spartanburg, (Spartanburg County), South Carolina, 29303. For a fee, Innovak provides a general ledger computer software system that provides up-to-date W2 and paystub information to end users and which is accessible remotely via its internet portal, to schools, school districts, and to other entities across the United States.

## JURISDICTION AND VENUE

19. This Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action involving more than 100

members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and many members of the putative class are citizens of states different from the Defendant.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Innovak regularly does business here and some of the class members reside in this district.

## CLASS ACTION ALTERNATIVES

21. Plaintiffs bring all claims under FRCP 23. The Requirements of FRCP 23(a) and 23(b) are met with respect to the class defined herein below:

22. The putative Plaintiffs' Class consists of all persons whose PPI was compromised as a direct and proximate result of the Innovak data breach ("Nationwide Class").

23. Alternatively, Plaintiffs propose the following subclasses by individual state or group of states: "All persons in Alabama whose PPI was compromised as a direct and proximate result of the Innovak data breach ("Alabama class").

24. The Class is so numerous that joinder is impracticable. While the precise number is unknown at this time, the putative Class certainly involves hundreds of individuals in several different states.

25. There are numerous questions of law and fact that are common to the putative Plaintiffs Class, including:

- Whether Innovak engaged in the wrongful conduct alleged herein;

- Whether Innovak's conduct was deceptive, unfair, unconscionable and/or unlawful;

- Whether Innovak owed a duty to the Plaintiffs to use reasonable means to protect their PPI;

- Whether Innovak breached that duty;

- Whether Innovak timely notified the Plaintiffs of the breach;

- Whether Innovak knew that its end users' PPI was at risk of a cyber breach;

- Whether Innovak suppressed this risk from the Plaintiffs;

- Whether the Plaintiffs are entitled to the relief sought in the Complaint;

26. Plaintiffs' claims are typical of the claims of the class.

27. Plaintiffs' claims are typical of the claims of the Class in that the representative Plaintiffs, like all class members had their PPI stolen during the Innovak data breach.

28. Plaintiffs will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel who are experienced in class actions and complex litigation. Plaintiffs' representatives have no interests that are adverse to or in conflict with the interests of the putative class.

29. The questions of law and fact common to the class members predominate over any questions which may affect only individual members.

30. A class action is superior to other available methods to adjudicate this controversy. Class treatment is superior to multiple individual actions and will prevent piecemeal litigation and inconsistent judgments, establishing incompatible standards of conduct for Innovak. Most class members will find that the cost of litigation will be substantially reduced if this matter is given class treatment. The costs of individual litigation could be prohibitively high and prevent the Plaintiffs from addressing the Defendant's alleged wrongful conduct and recovering for the alleged harm.

31. Providing class action status for this litigation will present fewer management difficulties, conserve judicial resources and the resources of the parties.

## FACTS

### I. Innovak was on Notice of Cyber Attacks since at least 2014.

32. Companies that store PPI and make that information available through internet portals have known since at least 2014 that the information could be at risk if reasonable and adequate measures are not taken to protect this information.

### II. The Innovak Data Breach

33. In April of 2016, Innovak admitted to a news organization that its data security was compromised and that the compromise affected the security of the PPI

of numerous individuals from several different school districts in several different states.

34.    On information and belief, Innovak did not lockdown its internet portal and/or put safety measures into place until after the Innovak data breach.

35.    To date, Innovak has not notified end users when it first learned of the risk, namely, the data breach.  To date, Innovak has released scant information to end users regarding its data breach.  Indeed, to date, Innovak has not personally notified the Plaintiffs or putative class members that their PPI has been compromised.

**COUNT I**
**NEGLIGENCE**

36.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein again.

37.    Innovak owed a duty to the Plaintiffs and the members of the putative class to exercise reasonable care in retaining, securing, safeguarding, and protecting their PPI from being compromised, lost, stolen, accessed, misused and/or utilized by unauthorized individuals.  This duty included maintaining Innovak's cyber security system to ensure that Plaintiffs' PPI was adequately protected.  Innovak further owed a duty to timely notify the Plaintiffs and putative class members whether their PPI was at risk and/or compromised.

38. Innovak owed a duty to timely disclose the material fact that the Plaintiffs'

PPI was vulnerable to attack because Innovak's cyber security measures were inadequate.

39.     Innovak breached these duties by, including without limitation, (a) failing to adequately protect the Plaintiffs PPI; (b) failing to maintain adequate cyber data security measures; (c) failing to timely disclose the material fact that the cyber security measures on Innovak's portals were inadequate to protect the Plaintiffs PPI; and (d) failing to disclose in a timely and accurate manner the material fact of the Innovak data breach.

40.     The alleged conduct described hereinabove was negligent and caused the Plaintiffs and the putative class members to be injured and harmed as a result. The injuries suffered by the Plaintiffs and class members include: theft of their PPI, which caused an immediate psychic injury that was concrete and individualized; costs associated with prevention of additional harm; costs associated with credit monitoring; costs associated with the additional prevention of identity theft; identity theft; loss of time to mitigate future harm; loss of time and money dealing with actual identity theft, the concrete and imminent threat of additional harms that are essentially certain to result, worry, stress, loss of sleep, and severe emotional distress.

WHEREFORE, Plaintiffs seek compensatory damages in an amount to be determined by a jury for the injuries and damages previously described, and set forth

herein again by reference, plus any other damages, costs or fees available, including, but not limited to attorney fees and court costs.

## COUNT II
## BREACH OF IMPLIED CONTRACT

41. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein again.

42. When the Plaintiffs' PPI was provided to Innovak, they entered into an implied contract to safeguard and protect such information and to timely notify the Plaintiffs and members of the class that their data was at risk, breached or compromised.

43. Plaintiffs and class members would not have entrusted Innovak with their PPI in the absence of the implied contract between them.

44. Plaintiffs and members of the class fully performed their obligations under the implied contract.

45. Innovak breached its implied contract with the Plaintiffs by failing to safeguard their PPI and by failing to timely notify the Plaintiffs that their PPI was at risk, breached or otherwise compromised.

46. The losses suffered by the Plaintiffs and putative class members were the direct and proximate result of Innovak's breach of the implied contract.

WHEREFORE, Plaintiffs seek compensatory damages in an amount to be

determined by a jury for the injuries and damages previously described, and set forth herein again by reference, plus any other damages, costs or fees available, including, but not limited to, attorney fees and court costs.

## COUNT III

### GROSS NEGLIGENCE, RECKLESSNESS and/or WANTONNESS

47.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein again.

48.    Innovak's failure to provide adequate cyber security to protect the Plaintiffs' and the putative class members' PPI was grossly negligent, reckless and/or wanton. The Defendant acted with a conscious disregard to the safety of the Plaintiffs' PPI and the harm that was essentially certain to result if it failed to protect this highly sensitive and personal information.

49.    As a direct and proximate result of Innovak's wrongful conduct the Plaintiffs and putative Plaintiffs were injured and damaged.

WHEREFORE, Plaintiffs seek compensatory damages in an amount to be determined by a jury for the injuries and damages previously described, and set forth herein again by reference, plus any other damages, costs or fees available, including, but not limited to, attorney fees and court costs. Plaintiffs also seek punitive damages in an amount to punish Innovak and prevent others who are similarly situated from engaging in similar wrongful conduct in the future.

## COUNT IV
## UNJUST ENRICHMENT

50.    Plaintiffs incorporate all preceding paragraphs as if fully set forth herein again.

51.    Plaintiffs and putative class members conferred a benefit on Innovak by paying to have their W2 and paystub information available via Innovak's internet portal.

52.    The monies paid to Innovak were supposed to be used by Innovak, in part, to provide adequate cyber security measures to protect the Plaintiffs' and putative class members' highly sensitive PPI.

53.    Innovak failed to provide reasonable cyber security and, as a result, was overpaid.

54.    Under principles of equity and good conscience, Innovak should not be permitted to retain this overpayment.

55.    Innovak wrongfully accepted and retained these benefits to the detriment of the Class Representatives and putative class members.

56.    Innovak's enrichment was unjust.

WHEREFORE, the Plaintiffs' and putative class members' disgorgement of this unjust enrichment and full restitution of said monies to the Plaintiffs and putative class members, plus any other damages, costs or fees available, including, but not limited to, attorney fees and court costs.

15

## COUNT V
## FRAUDULENT SUPPRESSION

57. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein again.

58. Innovak knew or should have known that it had failed to adequately protect the Plaintiffs' and putative class members' PPI.

59. Innovak was in a superior position to the Plaintiffs to know whether it had adequately protected the Plaintiffs' PPI.

60. Innovak fraudulently suppressed from the Plaintiffs the material fact that their PPI was at risk of a cyber-attack.

61.    The Plaintiffs acted in detrimental reliance by not freezing their Innovak accounts or otherwise acting to ensure that their PPI was adequately protected.

62.    The Plaintiffs and putative class members were injured and damaged as a direct and proximate result.

WHEREFORE, Plaintiffs seek compensatory damages in an amount to be determined by a jury for the injuries and damages previously described, and set forth herein again by reference, plus any other damages, costs or fees available, including, but not limited to attorney fees and court costs. Plaintiffs also seek punitive damages in an amount to punish Innovak and prevent others who are similarly situated from

engaging in similar wrongful conduct in the future.

## JURY DEMAND

The Plaintiffs demand that this case be tried by Jury.


Respectfully submitted this the 18th day of April, 2016.

Diandra S. Debrosse Zimmermann
Bar ID: ASB-2956-N76D


Anil A. Mujumdar
Bar ID: ASB-2004-L65M

OF COUNSEL:
**ZARZAUR MUJUMDAR & DEBROSSE – Trial Lawyers**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
fuli@zarzaur.com
anil@zarzaur.com

Jonathan S. Mann
Bar ID: ASB-1083-A36M
Christopher T. Hellums
Bar ID: ASB-5583-L73C
J. Christopher Cochran
Bar ID: ASB-1152-A59J

**OF COUNSEL:**
**PITTMAN DUTTON & HELLUMS, PC**
2001 Park Place, Ste. 1100
Birmingham, Alabama 35203
T: 205.322.8880
F: 205.328.2711
pdh-efiling@pittmandutton.com
chrish@pittmandutton.com
chrisc@pittmandutton.com
jonm@pittmandutton.com

ATTORNEYS FOR PLAINTIFFS

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

**INNOVAK INTERNATIONAL INCORPORATED**
c/o Robert J. Remington, Registered Agent
960 Frontage Road
Spartanburg, SC 29303